(February 29, 2000)

◼ Michael G. Guadalupe, an Infant, by His Mother and Natural Guardian, Glenis Rodriquez, et al., Appellants, v Calvin L. Franklin et al., Respondents. [703 NYS2d 175] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 3, 1998, which granted defendants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The infant plaintiff, then eight years of age, was struck by a vehicle after defendant New York Bus Service and its driver discharged him at his designated bus stop. The infant's parent was not there to meet him, and five to ten minutes after he was discharged from the bus, the infant was struck by a motor vehicle at a location some distance away. The action was properly dismissed. There is no claim that the place where plaintiff was discharged from the bus was not safe (*see*, *Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 671-672), nor is there evidence of any statute, rule or policy prohibiting the discharge of non-disabled students whose parents are not at the bus stop to meet them. To the contrary, the rules of the Board of Education (Pupil Transportation Manual of Regulations, Policies and Procedures, part 1, ch B, § 4.4 ["Contract (Yellow Bus) Service"], which govern plaintiff's bus transport to and from his school, provide that "a regular education child may be

left at a bus stop unattended". We have considered plaintiffs' other arguments and find them unpersuasive. Concur—Sullivan, P. J., Nardelli, Tom, Lerner and Andrias, JJ.